### BABCOCK ET AL. *vs.* ELDRIDGE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A witness who swears, to the best of his recollection, does not swear positively, and his testimony is insufficient to establish a positive fact, for want of certainty.

This is an action against the defendant as endorser of a promissory note for twelve hundred dollars, payable on March 1, 1831. The note is dated at Plaquemine, October 22, 1830, signed by Thomas J. Cunningham, and made payable to the order of the defendant, and by him endorsed in blank. This suit was instituted February 27, 1836.

The defendant admitted his endorsement; pleaded a general denial, and also averred, that he should not be required to answer, and be held liable in this case, as the plaintiffs have instituted suit against him in Kentucky, for the same cause of action, which suit he avers was pending at the time of filing the petition in this case.

He further states, that the note sued on was sold to a broker, at a discount of 12 per cent, under an agreement that he should in no way be responsible. Some other matters are set up not material, and not relied on. He also avers, there is no proof of demand and notice of protest.

EASTERN DIST.
*March*, 1840.
━━━━━━
BABCOCK ET AL.
*vs.*
ELDRIDGE.

There was no proof of the pendency of the suit in Kentucky. The evidence showed that the note was brought to C. A. Warfield, by the defendant, to be negotiated; that the latter put his own name on it, and also procured the name of Mrs. P. Cunningham. The broker testified that, "according to *his best recollection*, the discount on the note was over ten per cent.; that he sold it for the best [price] he could get for it."

The notary states, in his certificate, that he gave notice to the defendant, by a letter put in the Post-office in New-Orleans, of even date with the protest, addressed to him at Paris, in the state of Kentucky. There were several depositions taken and read, on the subject of the defendant's residence. Some of the witnesses testified that they thought he resided in Millersburg, and others swore positively that his residence was in Paris (both towns in Bourbon county, Kentucky) at the time the note became due.

There was judgment for the plaintiffs for the amount of the note, without interest. The defendant appealed.

*Maybin*, for the plaintiffs and appellees, insisted that the judgment should allow interest, as the note was duly protested, and prayed that the judgment be amended in this respect.

*Chinn*, for the defendant:

1. The inferior court erred in rendering judgment against the defendant, the transaction being a *sale* of the note, and no liability rested upon defendant. See *Romero et al.* vs. *Segura*, 7 *Louisiana Reports*, 307.

2. There is no proof in the cause of notice of the dishonor of the note; the notary's certificate being insufficient. 2 *Wheaton*, 377; 2 *Martin*, 615.

3. The proceedings should have been abated, by reason of the pending of another suit.

4. Notice of protest should have been sent to Millersburg, Ky., the defendant's place of residence, instead of Paris. It is not legal so as to bind him.

*Martin, J.*, delivered the opinion of the court.

EASTERN DIST.
*March*, 1840.

BABCOCK ET AL.
*vs.*
ELDRIDGE.

This is an action against the payee of a promissory note endorsed by him in blank. The defendant pleaded a general denial, and set up several matters of defence on the merits. The only grounds which it becomes necessary to notice is, that the note was sold by the defendant to C. A. Warfield, a broker, at a discount of 12 per centum, under an agreement that he was in nowise to be responsible for its amount. The want of demand and notice are also relied on. There was judgment against the defendant for the amount of the note, *without* interest, and the plaintiff appealed.

The defendant and appellant has prayed the reversal of the judgment, on the grounds that he sold the note absolutely, and therefore incurred no liability as endorser ; and that there is no proof of the demand and notice.

The defendant appears on the note as endorser, and has not shown that he did not incur the liability which attaches to him in that character.

The witness by whom usury is attempted to be proved, does not swear positively. He says, that, " according to the best of his recollection, the discount on the note *was over ten per cent*." In our opinion this testimony is insufficient, on account of its uncertainty. The witness does not swear to any specific rate of discount, nor does he swear to any thing positively ; the words " according to the best of his recollection," implying, in some degree, that he did not very distinctly recollect.

A witness who swears to the best of his recollection, does not swear positively, and his testimony is insufficient to establish a positive fact, for want of certainty.

Legal demand and notice were duly proved.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and that the plaintiffs recover from the defendant the sum of twelve hundred dollars, with interest at the rate of five per cent. per annum from the 4th March, 1831, until paid, and three dollars costs of protest, with costs in both courts.